George L. Hampton, IV (SBN 144433)
ghampton@hamptonholley.com
Colin C. Holley (SBN 191999)
cholley@hamptonholley.com
HAMPTONHOLLEY, LLP
2101 East Coast Highway, Suite 260
Corona del Mar, CA 92625
Telephone: (949) 718-4550
Facsimile: (949) 718-4580

Attorneys for Plaintiff, DIRECT METALS INC.

Michael K. Friedland (SBN 157217)
mfriedland@kmob.com
Lauren Keller Katzenellenbogen (SBN 223370)
lkeller@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant,
DIRECT METALS COMPANY, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DIRECT METALS INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECT METALS COMPANY, LLC, a Georgia limited liability company,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.<br>SACV 07-1049 AHS(RNBx)<br><br>**REVISED** [PROPOSED]<br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable Alicemarie H. Stotler |

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this civil action, through their respective attorneys, as follows:

## I. APPLICABILITY AND SCOPE OF STIPULATION

1. As used herein, CONFIDENTIAL INFORMATION refers to information that a producing party claims, reasonably and in good faith, to be its trade secret or other confidential research, development, financial, technical, sales or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Information to be treated under this Stipulation and Protective Order as CONFIDENTIAL INFORMATION shall include:

    a. Information set forth in documents produced pursuant to a party's initial disclosure obligations under Fed. R. Civ. P. 26(a), or in responses to discovery requests made under Fed. R. Civ. P. 31, 33 or 36, or in documents produced for inspection and/or copying or otherwise under Fed. R. Civ. P. 33(d) or 34, or pursuant to a subpoena under Fed. R. Civ. P. 45, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with substantially the following legend:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Alternatively, documents produced pursuant to a party's initial disclosure obligations under Fed. R. Civ. P. 26(a), for inspection and/or copying or otherwise under Fed. R. Civ. P. 33(d) or 34, or pursuant to a subpoena under Fed. R. Civ. P. 45, may instead use a conspicuous legend consisting of "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

  b. Information revealed by inspection of things or premises under Fed. R. Civ. P. 34 under terms to be agreed upon by the parties through good-faith negotiations in connection with any such inspection.

  c. Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30, for thirty (30) days following receipt of the transcript by counsel for the producing party, but not thereafter unless, before the thirty-day period has expired, counsel for the producing party notifies counsel for the receiving party in writing that CONFIDENTIAL INFORMATION is set forth in the transcript and specifies in writing the portions of the transcript that disclose CONFIDENTIAL INFORMATION, in which case such portions shall be appropriately marked with a confidentiality notice.

  d. Information produced in the form of computer disks, video tapes, or other tangible things in electronic, magnetic, or other stored form, to the extent that each such item produced is marked by the producing party with a confidentiality notice. If such items are printed out by the receiving party, the receiving party must mark each page of the printed version with the confidentiality notice.

  2. The types of information identified in paragraphs 1(a), (b), (c), and (d) may alternatively be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY," and shall bear the same legend as above in Paragraph 1(a), except changing "CONFIDENTIAL" to "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY." The designation "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be used only for

information that the producing party determines, reasonably and in good faith, to consist of: (1) highly sensitive and non-public financial and marketing information, including but not limited to internal financial statements, financial and marketing forecasts, marketing plans, and market assessments; (2) highly sensitive and non-public technical or business information relating to research for, or development or manufacturing of, current products; (3) highly sensitive and non-public technical or research and development information regarding future products; (4) non-public agreements or dealings with any vendor, distributor or customer or with any competitor of a Party to this lawsuit; or (5) information containing pricing or other sensitive or confidential data. Hereafter, CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY INFORMATION may be referred to, separately and collectively, as "PROTECTED INFORMATION."

3. PROTECTED INFORMATION and all other information disclosed by a producing party to a receiving party pursuant to discovery in this action shall be used solely for purposes of this action, including any appeals in connection therewith.

4. Access to CONFIDENTIAL INFORMATION shall be limited to the following persons:

    a. The producing party, and any of its present officers, agents, employees, attorneys, or Rule 30(b)(6) designees;

    b. A witness who authored or received the CONFIDENTIAL INFORMATION prior to its production to the receiving party, provided that the witness will not be permitted to retain any CONFIDENTIAL INFORMATION unless the witness is otherwise authorized to do so;

    c. Outside Counsel of record for a receiving party and stenographic, clerical, and legal assistant employees, and

3

agents of those counsel whose functions require access to CONFIDENTIAL INFORMATION;

d. In-house counsel for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those counsel whose functions require access to CONFIDENTIAL INFORMATION;

e. The officers and employees of any party, whose assistance is reasonably necessary in the preparation of such party's case, and stenographic, clerical, and legal assistant employees, and agents of those officers and employees whose functions require access to CONFIDENTIAL INFORMATION;

f. Outside experts, whether testifying or not, or consultants, whether testifying or not, (and their stenographic and clerical personnel) who are not officers, directors, employees, or consultants of a receiving party, of a competitor of a receiving party or of any affiliates of either provided that disclosure to such experts or consultants and their stenographic and clerical personnel shall be made only on the following conditions:

   i. Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts or consultants shall first obtain a signed Agreement To Be Bound By Protective Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his/her file the original of each such signed Agreement To Be Bound By Protective Order.

4

  ii. No CONFIDENTIAL INFORMATION shall be disclosed to such expert or consultant until after the expiration of a ten (10) day period commencing with the receipt by counsel for the producing party of a copy of the expert's or consultant's signed Agreement To Be Bound By Protective Order and a curriculum vitae (if available) of the expert or consultant. Counsel for the producing party may object to such disclosure only for good cause, *e.g.*, a business conflict, and only during the ten (10) day period after such receipt. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION to such expert or consultant, except by express agreement of the parties or order of the Court.

 g. Non-technical trial consultants and graphics or design services retained by outside trial counsel for the purpose of preparing demonstrative or other exhibits;

 h. Any court reporters and videographers who record and/or transcribe deposition or other testimony in this action; and

 i. The Court and its authorized staff and any Special Master appointed by the Court and his/her staff, and any person whom the parties have agreed will serve as mediator in this action, provided that the mediator shall destroy all documents, things or information marked HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY INFORMATION within ten (10) days after the conclusion of such person's involvement in the mediation and shall not use

5

such information for any purpose other than in connection with the mediation.

5. Access to HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY INFORMATION shall be limited to those individuals outlined in Paragraphs 4(a), (b), (c), (f), (g), (h), and (i) above on the same terms as outlined in those provisions for CONFIDENTIAL INFORMATION.

6. PROTECTED INFORMATION shall not be made public by the receiving party, shall be used only by persons permitted access to it under Paragraphs 4-5 and shall be disclosed only to persons as specified in Paragraphs 4-5, absent a Court Order to the contrary.

7. The recipient of any CONFIDENTIAL material or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY INFORMATION material that is provided under this Stipulation and Protective Order shall maintain such information in a secure and safe area, shall take appropriate measures to ensure the continued confidentiality of such material, and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and highly confidential or competitively sensitive information.

8. PROTECTED INFORMATION of the producing party shall not be kept on any of the premises of the receiving party, except that (a) PROTECTED INFORMATION filed or served in the litigation (including briefs, declarations, deposition transcripts, interrogatory responses, and exhibits to the foregoing) may be kept in a secure location in the offices of those individuals designated in or pursuant to Paragraphs 4-5 entitled to receive such information; (b) PROTECTED INFORMATION may be kept in the custody of outside counsel of record for the parties; and (c) PROTECTED INFORMATION may be kept in the custody of outside experts or consultants for a receiving party, provided that

the experts and consultants segregate the PROTECTED INFORMATION from other information and maintain the PROTECTED INFORMATION in a secure location.

9. If PROTECTED INFORMATION is to be filed with the Court in connection with any proceedings herein, it shall be filed in accordance of with Local Rule 79-5.

10. This Stipulation and Protective Order shall not prevent a party from attempting to examine, at depositions or at trial, persons who are not authorized to receive PROTECTED INFORMATION, as identified herein, so long as such examination concerns PROTECTED INFORMATION to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by foundation testimony during the deposition or trial. This Stipulation and Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of PROTECTED INFORMATION, so long as such examination is done in a manner that does not disclose the details of the PROTECTED INFORMATION. Such discussion shall not constitute disclosure in violation of this Stipulation and Protective Order.

11. Subject to the provisions of this Stipulation and Protective Order and any further Order regarding confidentiality as this Court may enter, PROTECTED INFORMATION may be used to prepare for and conduct discovery, to support or oppose any motion, and to prepare for trial and appeal, and also may be used at depositions, but may not be used for any other purpose or disclosed to any other person or entity by the receiving party unless otherwise agreed to beforehand in writing by the Producing Party or if the Court so orders.

12. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of PROTECTED INFORMATION;

7

provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose the content or source of any PROTECTED INFORMATION to unauthorized persons.

13. The acceptance of PROTECTED INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the PROTECTED INFORMATION is in fact confidential, or of the level of confidentiality designated by the producing party. This Stipulation and Protective Order shall not foreclose any party from moving for an Order that documents or other items designated PROTECTED INFORMATION are not, in fact, confidential, or of the level of confidentiality designated by the producing party. Prior to bringing such a motion, the receiving party shall first request in writing that the producing party change its designation of certain specifically-enumerated information. If the producing party refuses to agree within ten (10) days, the receiving party may file a motion for an Order changing or removing the designation. On such a motion, the producing party shall have the burden of proving that the PROTECTED INFORMATION embodies its trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G). Any motion brought pursuant to this paragraph must be made in compliance with Local Rules 37-1 and 37-2.

14. If a Party determines that it has inadvertently produced documents or materials without the designation required by Paragraph 1, the producing party shall inform the receiving party of the inadvertent production in writing, the producing party shall provide properly marked documents and the receiving Party shall take reasonable steps to ensure that all known copies of any such documents are returned promptly to the producing Party.

15. If a Party determines that it has inadvertently failed to designate documents or materials as "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material, it may do so by giving written notice to all Parties

or their counsel of the new designation as being either "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material. All persons who are in possession of such after-production designated or re-designated materials and who are not within a category of persons who may possess such materials pursuant to Paragraphs 4 and 6 hereof shall promptly return all known copies of any such documents to the producing party or to a person who is within a category of persons who may possess such materials. Such after-production designated or re-designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production.

16. Should any PROTECTED INFORMATION be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Stipulation and Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such PROTECTED INFORMATION and to bind such person to the terms of this Stipulation and Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Stipulation and Protective Order; (c) within five (5) days of the discovery of such disclosure, identify such person to the producing party; and (d) within five (5) days of the discovery of such disclosure, request such person to sign the Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) days of its receipt by the receiving party.

17. Nothing in this Stipulation and Protective Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

18. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or

9

estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, the information for which a claim of inadvertent or unintentional production is made shall be returned to the producing party within three (3) days of the producing party's request. Moreover, any notes or summaries referring or relating to any such inadvertently- or unintentionally-produced information shall be destroyed. In the event that any such information is contained in a produced document, all copies of that document, and any notes or summaries relating thereto that may have been made, shall be destroyed to the extent practicable. Nothing herein shall prevent the party returning such information from moving the Court for an Order compelling production of such information, but the unintentional or inadvertent production of that information shall not be a basis for such a motion.

19. The restrictions and obligations set forth in this Stipulation and Protective Order relating to PROTECTED INFORMATION shall not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party; or (c) has come or hereafter comes into the receiving party's legitimate possession independently of the producing party without obligation of confidentiality. Such restrictions and obligations shall not be deemed to prohibit discussions with any person regarding any PROTECTED INFORMATION if said person already has legitimate possession thereof.

20. In the event that a party desires to provide access to or disseminate PROTECTED INFORMATION to any person not entitled to access under Paragraphs 4-5, it may move the Court for an order that such person be given access thereto. In the event that the motion is granted, or by agreement of the parties, such person may have access to PROTECTED INFORMATION after

first signing an undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

21.  This Stipulation and Protective Order shall not prevent any party from applying to the Court for further or additional protective orders.

22.  This Stipulation and Protective Order shall survive the termination of this action.

23.  After final termination of this action, trial counsel for the receiving party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits, documents and other submissions to the Court or to opposing counsel, and PROTECTED INFORMATION to the extent it includes or reflects attorney's work product.  Within 30 days after final termination of this action including any appeals, depending on the preference of the party who has provided such PROTECTED INFORMATION, counsel for the receiving party either shall return all additional PROTECTED INFORMATION in its possession, custody, or control or in the custody of any authorized agents, outside experts, and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such PROTECTED INFORMATION in discovery or shall certify destruction thereof to such counsel.

If a third party provides discovery to any party in connection with this action, the provisions of this Stipulation and Protective Order shall apply to such discovery as if such discovery were being provided by a party.  Under such circumstances, the third party shall have the same rights and obligations under this Stipulation and Protective Order as held by the parties to this action. Should any third party wish to produce information that it considers PROTECTED INFORMATION under any circumstances other than those provided in this Stipulation and Protective Order, the third party shall be

11

required to obtain agreement to such terms for production from each party to the action or to seek relief from the Court.

24. The purpose of this Order is to protect the confidentiality of information and documents produced or disclosed in this litigation. No provision of this Order restricts or otherwise affects the right of each party to permit disclosure of its own information and documents.

25. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## II. GOOD CAUSE EXISTS TO ENTER INTO THE STIPULATED PROTECTIVE ORDER

1. Good cause exists for this Court to enter the Stipulated Protective Order, because disclosure of any Confidential Information would harm the parties financially and allow competitors to gain unfair advantage. Competitors will gain an unfair advantage over the parties if they learn the parties' Confidential Information, such as their financial information, accounting information, customer lists, vendor lists, costs or profit structure, sales information and sources, vendor sources, retail channels, product lines, business and marketing strategy, or information concerning distribution or operations. The Confidential Information should be protected, because it reveals the parties' current financial status, business strategy, business structure, future opportunities and efforts, the quality of the products, the manufacturing times and sources, and retail prices and costs. This information will give others an unfair price and time advantage and allow them to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties.

2. Good cause further exists in that this Stipulation would allow for both parties to disclose documents required for the litigation of this matter without suffering from both an economic and business detriment that would

1  result from the disclosure of Confidential Information to their competitors
2  and/or to the public.
3
4  Dated: November 4, 2008          *[signature]*
                                    _____
5                                   The Honorable Robert N. Block
                                    United States Magistrate Judge
6
7
8  **APPROVED AS TO FORM**:
9
10                                  HAMPTONHOLLEY, LLP
11
12 Dated:_____    By:_____
13                                  George L. Hampton
                                    Colin c. Holley
14
                                    Attorneys for Plaintiff DIRECT METALS INC.
15
                                    KNOBBE, MARTENS, OLSON & BEAR, LLP
16
17 Dated:_____    By:_____
                                    Michael K. Friedland
18                                  Lauren Keller Katzenellenbogen
19
                                    Attorneys for Defendant DIRECT METALS
20                                  COMPANY, LLC

*Of Counsel*:
21 Richard E. Mitchell
   Florida Bar No.: 168092
22 rmitchell@gray-robinson.com
   Michael D. Porter
23 Florida Bar No.: 0031149
   mporter@gray-robinson.com
24 GRAY ROBINSON, P.A.
   301 E. Pine Street, Suite 1400
25 Post Office Box 3068
   Orlando, FL  32802-3068
26 Telephone:  (407) 843-8880
   Facsimile:   (407) 244-5690
27
28

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, do solemnly swear and agree that I am fully familiar with the terms of the Protective Order entered in *Direct Metals Inc. v. Direct Metals Company, LLC*, Civil Action No. SACV07-1049 AHS (RNBx), which is pending in the United States District Court for the Central District of California, Southern Division, a copy of which has been provided to me, and I hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further Order of this Court.  Further, to the extent that I receive Confidential Material or Attorneys' Eyes Only Material in connection with this litigation, including the information contained therein, I agree that I will hold that material and information in confidence in accordance with the terms of the Order.  I agree to use Confidential Material or Attorneys' Eyes Only Material only for the purpose of the prosecution or defense of this action, and for no other purpose.  I understand that I am to retain all copies of the materials that I receive that have been designated as Confidential Material or Attorneys' Eyes Only Material in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am employed or retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order.  I hereby consent to the jurisdiction of this Court for purposes of enforcing this Order.

Dated:_____    Signed:_____

# CERTIFICATE OF SERVICE

I, Lauren Keller Katzenellenbogen, certify that on November 3, 2008, I presented the within **REVISED [PROPOSED] STIPULATED PROTECTIVE ORDER** to the Clerk of Court for filing and uploading to the ECF system which will send notification to the following:

George L. Hampton, IV
Colin C. Holley
Hampton Holley LLP
2101 East Coast Highway, Suite 260
Corona Del Mar, CA  92625
ghampton@hamptonholley.com

In addition, I hereby certify that I arranged to have the same served via email and placed in a sealed envelope, deposited in the United States Mail, postage pre-paid addressed as follows:

Richard E. Mitchell
Michael D. Porter
GRAY ROBINSON, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, FL  32802-3068
mporter@gray-robinson.com

I declare under penalty of perjury that the foregoing statements are true and correct.

Lauren Keller Katzenellenbogen
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Attorneys for Defendant, Direct Metals Company, LLC